UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES JOHNSON,
    Plaintiff,

v.                                            Case No. 13-CV-00614

DENNIS WALLICH, and
MILWAUKEE POLICE DEPARTMENT,
    Defendants.

## DECISION AND ORDER

On August 12, 2013, I ordered that this action be reopened if plaintiff paid his initial partial filing fee of $10.69 on or before Monday, September 9, 2013. Plaintiff paid his initial partial filing fee before that date so I will reopen the case, grant his motion for leave to proceed in forma pauperis, and screen his complaint.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless

legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v.

2

Toledo, 446 U.S. 635, 640 (1980). I am obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

On September 3, 2011, plaintiff's car was stolen. He reported the theft to District 7 of the Milwaukee Police Department the same day. On October 31, 2011, defendant Dennis Wallich, a City of Milwaukee police officer, recovered plaintiff's car in a traffic stop and arrested the driver.

Later that evening, someone from the Milwaukee Police Department notified plaintiff that his vehicle had been recovered and that he could pick it up. They told him that the keys were at 26th and Wisconsin. Plaintiff immediately went to retrieve his car, but he could not find it. He looked for hours and called Wallich and the tow lot for days, but no one knew where his car went after the traffic stop and arrest. On November 3, 2011, plaintiff filed another stolen vehicle report and continued to call the Milwaukee Police Department about his car. Then, on February 25, 2012, plaintiff received another call from the Milwaukee Police Department. His vehicle had been located in Zion, Illinois, but it had been stripped of all major parts and was in salvage condition.

Plaintiff asserts that the Milwaukee Police Department was responsible for returning his car after they recovered it and that they failed to do so. As damages, he seeks the $16,000 value of the car, the value of the work tools he had in the car, and the cost of bus passes for a year. He also would accept a voucher to pick out a vehicle at a city or state vehicle auction.

The Due Process Clause of the Fourteenth Amendment "provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to

constitutionally adequate procedures." Germano v. Winnebago County, 403 F.3d 926, 928 (7th Cir. 2005) (quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985)). Thus, when property is taken by government action, due process generally requires that the government provide an "opportunity to present reasons, either in person or in writing, why proposed action should not be taken . . . ." Germano, 403 F.3d at 928 (quoting Cleveland, 470 U.S. at 546).

An individual is entitled to an opportunity for a hearing before the state permanently deprives him of his property. Parratt v. Taylor, 451 U.S. 527, 540 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986). However, a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim unless the state fails to provide an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). In determining whether alleged conduct was "random and unauthorized," the court considers whether the conduct was predictable. Hamlin v. Vaudenberg, 95 F.3d 580, 584 (7th Cir. 1996). Predictability is determined both by the amount of discretion exercised by an official as well as the extent to which that discretion is uncircumscribed. Id. In Parratt, after a prison inmate did not receive hobby materials he had ordered because normal procedures for the handling of mail at the prison were not followed, he claimed that the conduct of the prison officials deprived him of property without due process of law. 451 U.S. at 530. The Supreme Court explained that although the state had deprived the inmate of property, "the deprivation did not occur as a result of some established state procedure. Indeed, the deprivation occurred as a result of the

4

unauthorized failure of agents of the State to follow established state procedure." Id. at 543.

Wisconsin law provides tort remedies to individuals whose property has been converted or damaged by another. See Wis. Stat. §§ 893.35 and 893.51. If a deprivation of property did not occur as the result of some established procedure and state law provides an adequate post-deprivation remedy for redressing the missing property, due process has been satisfied. Parratt, 451 U.S. at 543–44; see also Hamlin, 95 F.3d at 585 (holding that Wisconsin's post-deprivation procedures are adequate, albeit in a different context).

Plaintiff alleges that he was deprived of his property due to defendant Wallich's failure to property secure plaintiff's car after recovering it during a traffic stop and arrest on October 31, 2011. However, plaintiff does not suggest that Wallich acted or failed to act pursuant to an established procedure. Rather, any action or inaction by Wallich was random and unauthorized. Thus, because Wisconsin state law provides an adequate post-deprivation remedy for redressing the missing property, due process has been satisfied and plaintiff fails to state a claim.

**THEREFORE, IT IS ORDERED** that this case is **REOPENED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

5

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff or his designee shall collect from plaintiff's prison trust account the $339.31 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the Milwaukee County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 15th day of October, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge